I thought that my dissent and Justice Maddox's dissent inPowell v. Blue Cross Blue Shield of Alabama, 581 So.2d 772,783-92 (Ala. 1990), and Sharpley v. Sonoco Products Co.,581 So.2d 792, 795-96 (Ala. 1990), were correct in 1990. My opinion has not been reconstructed in the four years since those opinions were released.
Perhaps my tenaciousness in clinging to "the old forsaken bough"[2] of the law is overdone; however, I am comfortable in the correctness of my position, and I would not be comfortable in forsaking the "bough where I cling."
Likewise, I am at a loss to understand how the majority of this Court can hold that "the trial court is the appropriate factfinder" in this case, which involves the amount of compensatory damages that it will take to fully compensate a person injured by a tort. It may well be that Complete Health waived any right to trial by jury by not timely requesting a jury trial; however, when the majority of this Court strikes down legislative acts regulating damages, on the holding that such acts violate § 11 of the Constitution of Alabama of 1901 (Henderson v. Alabama Power Co., 627 So.2d 878 (Ala. 1993)), it seems rather arrogant for the majority of this Court to deny Complete Health a § 11 right to trial by jury without any explanation as to why Complete Health is not entitled to a jury to decide how much money it will take to fully compensate someone injured by a tort.
[2] Dr. Oliver Wendell Holmes's poem "The Last Leaf":
"And if I should live to be
The last leaf upon the tree
In the spring,
Let them smile, as I do now,
At the old forsaken bough
Where I cling."